UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                             Chapter 7

    AIR KOOL MECHANICAL            Case No. 20-23276 (RDD)
    CONTRACTING, INC.,

                     Debtor.
-----------------------------------------------------------X

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER: (1) AUTHORIZING THE SALE OF EIGHT OF THE DEBTOR'S VEHICLE BY PUBLIC AUCTION SALE; (2) APPROVING THE SALE OF THE VEHICLES FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS TO THE SUCCESSFUL BIDDER AT THE AUCTION SALE; AND (3) GRANTING RELATED RELIEF**

TO: HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE:

Marianne T. O'Toole, the Chapter 7 Trustee (the "Trustee"), of the estate of Air Kool Mechanical Contracting, Inc., by her undersigned counsel, submits this motion ("Motion") seeking the entry of an Order: (i) authorizing the sale of eight of the Debtor's vehicles by public auction sale; (ii) approving the sale of the vehicles free and clear of all liens, claims, encumbrances and other interests, if any, to the successful bidder or bidders at the auction sale, with any such liens, claims, encumbrances and other interests to attach to the proceeds of sale, subject to the Trustee's rights to contest and/or avoid the same; and (iii) granting the Trustee such other and further relief as is just and proper, and respectfully sets forth and shows as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

3.     The statutory predicates for the relief sought in this Motion includes Sections 105 and 363 of title 11, United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 6004-1 (the "Local Rule").

## BACKGROUND

4.     On December 15, 2020 (the "Filing Date"), Air Kool Mechanical Contracting, Inc. (the "Debtor") filed a voluntary petition with this Court seeking relief under Chapter 7 of the Bankruptcy Code commencing the above captioned case (the "Bankruptcy Case").

5.     Marianne T. O'Toole was appointed as the interim trustee and became the permanent Chapter 7 Trustee at the first meeting of creditors held in the Bankruptcy Case.

6.     On the Filing Date, the Debtor owned various motor vehicles including the eight vehicles described below (collectively, the "Vehicles):

| Year Make Model | VIN |
|---|---|
| 1. 2013 GMC Savanna Van | 1GTW7FCA1D1108690; |
| 2. 2012 Chev Express Van | 1GCWGFCAXC1150306; |
| 3. 2011 GMC Savanna | 1GTW7FCA5B1156884; |
| 4. 2004 Chev SLV Pickup | 1GCHK24U54E293215; |
| 5. 2015 Chev Express Van | 1GCWGFFF3F1101704; |
| 6. 2005 Toyota Sienna Van | 5TDBA23C55S044362; |
| 7. 2012 Toyota RAV 4 | 2T3BF4DVXCW265903; and |
| 8. 2012 Chev Express Van | 1GCWGFCA6C1146799 |

2

7. The lienors identified on the original certificates of title for all of the Vehicles have each executed a release of lien with respect to the Vehicles. As a result, the Vehicles are presently unencumbered by any perfected lien of record.

8. Upon her appointment, the Trustee took steps to secure and evaluate the Vehicles.

9. The Trustee believes that each of the Vehicles has value that can be realized through a public auction sale. By separate application and Order, the Trustee was granted authority to employ Maltz Auctions, Inc., d/b/a Maltz Auctions ("Maltz") as her auctioneer to market and sell the Vehicles.

## RELIEF REQUESTED AND BASIS FOR RELIEF

10. By this Motion, the Trustee seeks an Order: (i) authorizing the sale the eight Vehicles by public auction sale; (ii) approving the sale of the vehicles free and clear of all liens, claims, encumbrances and other interests, if any, to the successful bidder or bidders at the auction sale, with any such liens, claims, encumbrances and other interests to attach to the proceeds of sale in the same order and priority as they existed on the Filing Date, and subject to the Trustee's rights to contest and/or avoid the same; and (iii) granting the Trustee such other and further relief as is just and proper. A proposed Order is annexed as **Exhibit A**.

11. Under Bankruptcy Rule 6004(f)(1), a trustee is permitted to sell property of the estate pursuant to Section 363(b) of the Bankruptcy Code by private sale or public auction.

12. Section 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004 govern the sale of assets outside the ordinary course of a debtor's business. Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

13. Additionally, section 105(a) of the Bankruptcy Code grants the Court the authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14. Pursuant to Bankruptcy Rules 2002(c) and 6004(a), the Trustee is required to give 21 days' notice of any proposed sale of property not in the ordinary course of business to the Debtor and all creditors. Bankruptcy Rule 2002(c) provides that such notice must include the time and place of of any auction, a sale hearing, and the time fixed for objections to the sale.

15. Here, the Trustee has determined, in her sound business judgment, that selling the Vehicles by public auction sale is justified, necessary and appropriate. Given that the Debtor is no longer operating and that the Vehicles are not necessary for any reorganization, the prudent course is to proceed with the sale of the Vehicles.

16. It is anticipated that Maltz will conduct a public auction sale of the Vehicles at its premises in Central Islip, New York on May 18, 2021. Maltz has extensive experience selling similar vehicles.

17. Each of the Vehicles will be sold "as is", "where is", without any representations of any kind or nature whatsoever, including as to merchantability or fitness for a particular purpose, and without warranty or agreement as to condition of each of the Vehicles.

18. Notice of all auction sales (the "Notice of Sale") will be provided in compliance with Bankruptcy Rules 6004(a) and (c) and 2002(a)(2) to all parties required to receive notice of such a sale.

19. After the auction sale or sales, title to each of the Vehicles will be transferred to the successful bidder for such vehicle. Maltz shall collect any applicable tax(es) from the successful

4

bidder, and Maltz shall pay the same to the appropriate taxing authorities in accordance with applicable law.

20. In accordance with Local Rule 6004-1(f), within 21 days of any auction sale, Maltz shall file a report with the Court and transmit a copy of the report to the United States Trustee.

21. Based on the foregoing, the Trustee seeks approval of the Notice of Sale and other appropriate procedures set forth herein to facilitate the sale of the Vehicles. The Trustee submits that the proposed sale and noticing process is reasonable, necessary and appropriate, and will enable her to receive the maximum values for the Vehicles.

22. Accordingly, the Trustee submits that there is cause for the Court to grant the relief requested herein.

## **THE VEHICLES SHOULD BE SOLD FREE AND CLEAR OF ANY LIENS**

23. Section 363(f) of the Bankruptcy Code permits the sale of assets to be free and clear of liens, claims and interests of an entity in such property if: (a) applicable state law will permit the sale; (b) such entity consents; (c) the price at which the assets is being sold exceeds the liens, claims and interests; (d) the security interests in the property is disputed; or (e) the entity with an interest in the asset being sold could be compelled in a legal or equitable proceeding to accept a money satisfaction in its interest in and to the property. Here, the certificates of title for each of the Vehicles lists only one lien holder, and each of lien holders has executed a satisfaction and release of its lien. Consequently, there are no perfected liens or security interests in or upon any of the Vehicles, and the Trustee would have the power to avoid any unperfected lien that might be asserted by any party.

24. Here the Trustee proposes to sell the Vehicles free and clear of any and all liens, claims, encumbrances, interests or adverse claims to title, of whatever kind or nature (collectively,

5

the "Liens"), to insure that each successful bidder will obtain clear tile to the Vehicles. Any unperfected Liens will attach to the proceeds of sale, subject to the Trustee's rights to contest and/or avoid such Liens.

25. Based on the foregoing, the Trustee submits that the requirements of Section 363(f) of the Bankruptcy Code have been satisfied.

## **MISCELLANEOUS**

26. Pursuant to General Order M-383, the Trustee is required to highlight any "extraordinary provisions" in a separate section of a motion seeking to sell Estate assets. The Trustee submits that there are no "extraordinary provisions" with respect to the proposed auction sale of the Vehicles that have not otherwise been highlighted herein.

27. Notice of this Motion will be provided in accordance with Bankruptcy Rule 2002(a)(2).

29. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: Granite Springs, New York
April 13, 2021

                               /s/ William F. Macreery
                               WILLIAM F. MACREERY, ESQ.
                               Attorney for the Trustee
                               7 Granite Springs Road
                               Granite Springs, New York 10527
                               Telephone: (914) 248-0531